UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 04-30-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| DAVID CONGLETON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

Defendant David Congleton ("Congleton") was sentenced in this action on November 8, 2004, to imprisonment of 57 months, to be followed by a term of supervised release of three years. The Court Judgment was entered November 10, 2004. A review of the docket indicates that the Defendant did not appeal this judgment. However, on April 14, 2005, Congleton moved the Court for resentencing pursuant to 18 U.S.C. § 3582, based on the assumption that he would receive a reduced sentence following the Supreme Court's decision in *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738 (2005). In addition to the fact that the Defendant's assumption is misplaced,[1] his motion is also untimely.

Pursuant to Rule 35 of the Federal Rules of Criminal Procedure, the Court may correct a sentence that resulted from arithmetical, technical, or other clear error within seven days of entry of judgment. Otherwise, absent an appeal and remand, the Court's ability to impose a

---

[1] Were the Court to resentence the Defendant at this stage of the proceedings, he would likely receive a sentence in excess of the term imposed in November 2004. However, the Court does not find it necessary to further address this issue at this time.

-1-

different term of imprisonment is limited as outlined in Rule 35(b)(1), Fed. R. Crim. P, which provides that:

> Upon the government's motion made within one year of sentencing, the court may reduce a sentence if:
>
> (A)  the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person; and
>
> (B) reducing the sentence accords with the Sentencing Commission's guidelines and policy statements.

A sentence may be reduced more than one year after entry of the judgment if the government makes an appropriate motion and also establishes that information known to the defendant was not known, not provided or not understood to be useful until more than one year later.  *See* Rule 35(b)(2), Fed. R. Crim. P.

Therefore, regardless of the timing of the motion, this rule clearly limits the Court's ability to reduce a judgment.  The Court may only consider such a request upon a proper motion made by the United States and based on information provided to the government by the Defendant.  In the present case, no such motion has been made by the United States.

In addition to the fact that this Court lack jurisdiction to entertain a request to reduce the Defendant's sentence absent a motion from the government, collateral relief is not available to Congleton.  Several circuits as well as this Court has previously held that a habeas petition may not be used by a defendant to seek a sentence reduction based on *Booker*, *Id*.  *See Humphress v. United States*, 398 F.3d 855 (6th Cir. Feb. 25, 2005); *accord McReynolds v. United States,* 397 F.3d 479 (7th Cir. 2005)(*Booker* does not apply retroactively to criminal cases that became final before release of the case on January 12, 2005); *see also In re Andersen*, 396 F.3d 1336 (11th

Cir. 2005); and *Melton v. United States*, U.S. Dist. Ct., E.D. Ky., Lon. Div., No. 6: 05-40-DCR, (February 4, 2005, Memo Op.)

Based on the foregoing authorities, it is hereby

**ORDERED** that the Defendant's motion for resentencing is **DENIED**.

This 15th day of April, 2005.

Signed By:
*Danny C. Reeves* DCR
United States District Judge